IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIET PHAN TUAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION No. 06-00731-CG-B |
| DAVID O. STREIFF[1], *et al.*, | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Kiet Phan Tuan, a native and citizen of Vietnam, filed a
habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his
continued detention by the U.S. Department of Homeland Security,
Immigration and Customs Enforcement ("ICE").  This matter has been
referred to the undersigned for entry of a report and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.1(c).   Following a careful review of the record, it is
recommended that the instant petition be dismissed as moot because
Tuan is no longer in ICE custody, having been released from ICE
custody pending deportation.

---

[1]Bill Bateman is no longer the Warden of the Perry County
Correctional Center, and Robert Gaines is no longer the acting warden
of that facility. Accordingly, pursuant to Rule 25(d)(1) of the
Federal Rules of Civil Procedure, the new warden of the Perry County
Correctional Center, David O. Streiff, is substituted for Bateman and
Gaines as a proper respondent in this case.

I.   FINDINGS OF FACT

1.   Tuan acknowledges that he is a native and citizen of Vietnam[2], that he entered the United States in 1983 as a legal permanent resident, and that he was ordered removed by an Immigration Judge on March 15, 2006.  (Doc. 1, p. 3-4).

2.   On October 30, 2006, Tuan filed the instant petition for writ of habeas corpus, wherein he argues that he is being unlawfully detained in custody more than 6 months following the final order of removal.  Tuan does not contest the order of removal but instead seeks immediate release from custody under an order of supervised release pending deportation. (Doc. 1).

3.   Pursuant to the Court's Order dated March 17, 2008 (Doc. 13), Respondents filed a Response on March 31, 2008, wherein they advised the Court that Tuan was released from ICE custody under an order of supervision pending deportation on May 3, 2007 (Doc. 16, Ex. 1)[3]. Respondents contend that Tuan's habeas petition is moot in light of his release from ICE custody. (Doc. 16).

---

[2]Petitioner argues that he is 'stateless' because, according to his petition, the United States and Vietnam do not have any agreement by which individuals deported from the United States can be returned to Vietnam. (Doc. 1, p. 1, 4).

[3]The Certificate of Service contained in Respondents' Response lists three (3) last known addresses for Petitioner: 287 King Street, Boone, North Carolina 28607; P.O. Box 2931, Boone, North Carolina 28607-2931; and 2479 Citrus Club Lane, Orlando, Florida 32839. (Doc. 16).  Accordingly, the Clerk is directed to forward a copy of the instant Report and Recommendation to Petitioner at the three (3) addresses referenced herein.

**II.        CONCLUSIONS OF LAW**

1.     "In reviewing a petition for writ of habeas corpus by a
detained alien who is subject to a final order of removal, a
federal district court, pursuant to the authority of 28 U.S.C. §
2241(c)(3), is to gauge whether a particular set of circumstances
amounts to detention within, or beyond, a period reasonably
necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1
(W.D. La. 2006). Where, as here, a § 2241 petitioner has been
released from federal custody pending deportation to his native
country, thereby garnering the relief sought in filing his habeas
corpus petition, the issue becomes whether there is any longer a
live case or controversy or, instead, if the petition has become
moot. See id.

2.     The Eleventh Circuit has observed that "Article III of the
Constitution limits the jurisdiction of the federal courts to the
consideration of 'Cases' and 'Controversies.'"   Soliman v. United
States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation
omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th
Cir. 2001) (same).   Moreover, "[t]he doctrine of mootness derives
directly from the case or controversy limitation because 'an action
that is moot cannot be characterized as an active case or
controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case
is moot when it no longer presents a live controversy with respect

3

to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.    Several district courts have determined that where an alien is released from ICE custody pending removal from the United States, "his petition for habeas relief under Zavydas is moot." He, supra, 2006 WL 1687796, at *1; see also Abdalla v. Ashcroft, 2004 WL 2315089, at *2 (W.D.N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D.N.Y. 2004).

4.    Given the extant case law, the undersigned finds that Tuan's petition for habeas corpus relief is now moot because there exists no active case or controversy.  Tuan has been released from ICE custody and is residing in either Boone, North Carolina or Orlando, Florida.  Thus, this Court can no longer grant Tuan the relief requested in his petition, namely his immediate release from ICE's custody pending his removal from the United States, because this relief has already been afforded him. (See Doc. 16).  Because there is nothing to remedy even if this Court were disposed to do so,

this action should be dismissed without prejudice. <u>Soliman</u>, supra,

296 F.3d at 1243, quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 18, 118

S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

**III. CONCLUSION**

The undersigned Magistrate Judge recommends that Tuan's

petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241

be **DISMISSED** as moot.

The attached sheet contains important information regarding

objections to the report and recommendation of the Magistrate

Judge.

DONE this **1st** day of **April, 2008.**


                    /s/ SONJA F. BIVINS
          **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
